cat/div _510/2255/mia_
Case # _13 CR 20725_
Judge __JIC__ Mag _WHITE_
Motn Ifp __NO__ Fee pd $ _0_
Receipt # _____

FILED by _AP_ ____ D.C.

DEC 16 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES,

CASE NO: 1320725-CR-COHN

v.

HABEAS CORPUS

**14-CV-2( +( $-7 c\ b#K \ ]HY**

MARCO CORREA
_____/

## MOTION TO VACATE CONVICTION AND SENTENCE FOR INEFFECTIVE ASSISTANCE OF COUNSEL"S AND OUTRAGEOUS PROSECUTORIAL MISCONDUCT.

Come now, defendant Marco Correa Pro Se hereby, respectfully move this honorable court and file this motion under 28 U.S.C.§2255 when is clearly to see that both attorneys in this case has being given ineffective assistance of counsel and avoid to disclosure to this court the serious and outrageous prosecutorial misconduct that the results was a violation of defendant constitutional rights to a due process.

### STATEMENT OF JURISDICTION

This honorable court district court has jurisdiction of this case pursuant to 18 U.S.C.§3231, because the defendant was charge with offense against the laws of the United States. The court of appeals has jurisdiction over all final decision of the district court of United States, and 18 U.S.C.§3742(a), which gives the court's of appeals jurisdiction over sentence appeals by defendant.

The final judgement was entered on February 4, 2014 and the defendant has file a timely notice of direct appeal on or about February 18, 2014.

1

## STATEMENT OF THE CASE.

On or about September 12, 2013, the defendant Marco Correa and Gerson Gomes was arrested by MDPD.

On or about September 26, 2013, a federal grand jury in the Southern District of Florida returned a nine count indictment charging Marco Correa and his co-defendat Gerson Gomes with the offenses, 18 U.S.C.§1029(a), 18 U.S.C.§1029(a)(4) and (2), 18 U.S.C.§1029(b)(2) and 18 U.S.C.§(a)(1) and(2)[D.E.14].

On or about December 4, 2013, pursuant the written plea agreements, defendant Correa's Plead guilty to count 1 and 4 [D.E.32;34]. And the government agreed to dismiss the remaining counts [D.E.30].

The probation officer relies in the false information given by the government and recommended a base offense level six (6) and additional six (6) for the amount lost and additional four (4) level because the government claims more than 50 victim.

Three level was adjusted since both defendant's has accepted the responsibility of total level 15. [P.S.I. at 8-9 32-34].

The district court has sentence defendant Correa to the top of the guidelines and he was imposed a sentence of 40 [months] in a federal prison [D.E. 53; 75:7-4]/

## Statement of facts

On or about September 12, 2013 the defendant Marco Correa was arrest in violation of United States law.

On or about February 18, 2014 the defendant Marco Correa and co-defendant was sentence to 40 months in a federal prison which they are presented serving the sentence imposed [D. Ray James].

The P.S.I. show that the defendant Marco Correa does not not have any criminal history here or even in Brazil.

This honorable court should permit full review of

2

this motion for a paraplegic law defendant motion that is incarc_
erated more than 14 months. United States V. Fisher, 55. f 3d
481, 487 (10 cir. 1995).

In the United States V. Russell, 411 U.S. 423, 431-
32 (1973)(request, J.) show that the Fifth Amendment to the
constitution commands that [n]o person shall...be deprive of
live, liberty, or property without due process of the law. U.S.
Const. Mends. 5.

This court should exercise the power to remedy a const_
itutional rights or statutory violation, to protect judicial
integrity by ensuring that a conviction rest appropriated consi_
deration validly before jury; or to deter future illegal conduct,
UNITED STATES V. BARRERR MORENO, 951 f. 2d 1081, 1091 (9 cir.
1991), also  UNITED STATES V. HASTING, 461 U.S. 499, 505 (1983).


The prosecutor's duty in a criminal prosecution is
to seek justice. BEGER V. UNITED STATES, 295 U.S. 499, 505 (1983)
The prosecutor's duty in a criminal prosecution is
to seek justice. BEERG V. UNITED STATES, 295 U.S. 78, 88 (1935).
Therefor the prosecution should "prosecute with earnestness
but may not use "improper methods calculated to produce a wrong_
ful conviction". UNITED STATES V. BERMUDEZ, 529 f. 3d 158, 165
(2 cir. 2008).

A claim of prosecutorial misconduct require proof
of improper conduct by the prosecutor that, violated defendant
due process, UNITED STATES V. LANDRY, 631 f. 3d 597, 606 (1
cir. 2011). UNITED STATES V. WHITTEN, 610 f. 3d 168, 202-03
(2 cir. 2010). UNITED STATES V. KRAVCHUCK, 335 f. 3d 1147, 1153
(10 cir. 2003), UNITED STATES V. SCHMITZ, 634 f. 3d 1247, 1267-
71 (11 cir. 2011). UNITED STATES V. REED, 522 f. 3d 354, 360-
62 (DC CIR. 2008). UNITED STATES V. MCNAIR, 605 f. 3d 1152,
1208 n. 79 (11 cir. 2010).


While the prosecution sat that had this case proceeded
to trial, the government would have proved beyond a reasonable
doubt that defendant Marco Correa and Gerson Gomes has committed
those violation could not being the question. Justice has being
the priory and should be the priory . But when the prosecution
began to falsify spread-sheet, holding or destroy exculpatory

evidence and manipulate the discovery given to the defendant's that was not even authenticated as rule of federal proceeding request, this behavior is outrageous and not appropriated.

Those two (2) defendants mention above has committed crimes in violation of the United States law, but when the prosecution misconduct was with only intent to increase punishment this behaviors is not necessary and was violation of defendant due process to a fair judicial process. Malicious statements by prosecution was inappropriate since prosecutor may not express personal opinion about the defendant guilty or credibility and must avoid making potentially unfair or improper remarks about the defendant or even defense counsel. **UNITED STATES V. SMITH, 982 f. 2d 681, 684 (1 cir. 1993). UNITED STATES V. ZEHRBACH, 47 f. 3d 1252, 1264 (3 cir. 1995). BOYD V FRENCH, 147 f. 3d 319, 3228-29 (4 cir. 1998). The prosecution statement during** the sentence regarding personal opinion of the defendant's credibility was improper because he referred to information beyon record. **UNITED STATES V. GRACIA, 160 f. 3d 511, 520 (9 cir. 1998).** Prosecution statement that the defendant's has stole more than 87 credit card information and more than 43 [thousand] was not appropriated since the record show a different result and prosecution refuse to give the final report of the investigation from how many credit card was inside in the memory of the device installing by the defendant's at the ATM [CITATION OF BRADY VIOLATION]. **UNITED STATES V. WARSHAK, 631 f. 3d 266, 303 (6 cir. 210).** Defendant counsel failed to request all discovery or even to disclosure to the court the misconduct from prosecution that has outrageous threat the defendant's and defendant counsel to take the case to trial should defendant counsel force or request the report from what was inside the device installing by the defendant. Such outrageous prosecutorial misconduct and behavior should be disclosure to court by counsel. The ineffective assistance was prejudice to the defendant that want the counsel to clear the record from untruth information. **UNITED STATES V. GARCIA GUIZAR, 160 f. 3d 511, 520 (9 cir. 1998).**

The defendant has being incarcerated illegal over (15) months and the constitution guarantee to defendant a fair judicial process. Moreover the evidence hereby and in record clearly show the amount of ineffective assistance of the counsel

and appeal counsel as (a) because counsel deprive the defendant from all discovery and facts of the evidence in this case, (b) the amount of <u>BRADY</u> violation that was clearly to counsel since the outrageous threats by prosecution, (c) clear the defendant motion to appeal was file under 28 U.S.C.§2255 and the appeal counsel has file a illegal brief to the appeals court without communication or even authorization from the defendant ans his brief statement that was only abuse it discretion of the district court and, (d) counsel duty was to investigate and defend defen_ dant from prosecutorial misconduct, instead to only presented to the defendant a plea agreement.

Prosecution statement about defendant lies about forms or bank statement was not truth or appropriated. **UNITED STATES V. MUELLER, 74 f. 3d 1154, 1157 (11 cir. 1996).**

Under 28 U.S.C.§2255 provides, in pertinent part, that "[u]nless the [§2255] motion and files and record of the case conclusively show that the prisoner is entitled to no relief the court shall cause notice thereof to be served upon the United States attorney, (and) grant a promp hearing thereon".

When is so clearly to see that the sentence imposed was a violation of the law and unreasonable, the court should granted a evidentiary hearing or a relief that the real facts of this case and all evidence to be presented with authentication in order to a fair judicial sentence be impose. In the instant case, the allegation proffered by defendant entitle him to a habeas corpus relief because do not contradict the record nor are they "inherently incredible". Rather, the argument contained in, is support to his motion indentify important issues of that fact that were <u>not full developed</u> at defendant sentence hearing. **ROSENWALD V. UNITED STATES, 898 f. 2d 585, 588 (7 cir. 1990).** Holding that a evidentiary should be granted where not fully developed at defendant's sentence hearing should be granted where a pivotal issue of fact not fully developed at sentence. **STROSE V. LEONARDO, 928 f. 2d 548, 554 (2 cir. 1991)(finding that an evidentiary hearing was needed to investigate alleg outrageous impose sentencing because of the outrageous ineffect_ ive assistance of counsel's).**

The article 125 of the constitution of U.S.S.R. issued by Stalin in 1936 provided that "the citizen...are guaranteed by law. But a defendant original from Brazil know that lawyers are the one who transform abstract rights into reality, who turn the bill of rights from abstraction into reality; who that must protect the defendant rights and privileges that keep us a free people from a federal government that has became the enemy of individual liberty.

In the **UNITED STATES V. JONES, 899 f. 2d 1097, 1102 (11 cir. 1999)** imposing sentence in violation of the law, district court summarily announced defendant sentence without properly articulation the reason of the sentence, since the prosecution has told defend counsel that will not given the discovery and the exculpatory evidence, the manipulation of spread-sheet and unreasonable loss amount. The sentence impose was violation of the law since the court relies on improper fact and the counsel's ineffective assistance and failure to object the P.S.I. that was malicious and outrageous.

The Sixth Amendment guarantee the right to effective assistance of counsel in a criminal prosecution. **YARBOROUGH V. GENTRY, 540 U.S. 1, 5 (2003)(percuriam).** Also **PADILLA V. KY, 130 S. Ct. 1473, 1480-81 (2010).**

Counsel's performance "fell below an objective standard of reasonableness" and counsel's deficient performance prejudice the defendant, resulting in an unreliable and fundamentally unfair outcome in the proceeding. **STRICKLAND, 466 U.S. at 687, 691-92** see also **GLOVER V. UNITED STATES, 531, U.S. 198, 201, 204 (2001), WILLIAN V. TAYLOR, 529 U.S. 362, 396-99(2000).**

In addition to affirmative misadvice, counsel's fail-ure to advice the defendant of important issues altogether such as deportation consequences of guilty plea falls below objective standards of reasonableness. UNITED STATES V. ORACIO, 645 f. 3d 630, 646 (3 cir. 2011).

Counsel refuse to assit[] the defendant in object, investigate and bring to the record the real evidences and

6

stopped the outrageous prosecutorial misconduct and <u>BRADY</u> that

has presenting false evidence or otherwise violated the law. <u>**NIX V. WHITESIDE, 475 U.S. 157, 166 171 (1986). Counsel's error**</u> <u>**were prejudicial and deprived the defendant of a fair judicial**</u> <u>**process, whose result it unreasonable. LOCKHART V. FRETWELL,**</u> <u>**506, U.S.. 364, 372 (1995).**</u>

The defendant Correa has told the appeal counsel to file his brief under those violation mention above and the ineff_ ective assistance concerning that the no plea agreement was in portugues that was the native language of defendant, the real loss amount was only $500 [hundred], counsel's refuse release the discovery cd to defendant for his own investegation of the facts presented in court; counsel told the defendant that he will only be in prison for nor more than one (1) year and, both defendant was force to signed the plea agreement over the threats from government that refuse to give the full disco_ very and exculpatory evidence.

The defendant Correa has told the appeal counsel to file his legal brief to appeal court under the §2255 and those violation mention above and the ineffective assistance of counsel. The conflic of interest here had adverse the effect or his decision and outrageous behaviors in file the brief without allowing defendant to review before. His performance was not appropriate since defendant told in the motion file in court [D.E. 56]. <u>**BLANKENSHIP V. Johnson, 118 f. 3d 312, 318 (5 cir.**</u> <u>**1997). REYNOLDS V. CHAPMAN, 253 f. 3d 1337, 1347 (11 cir. 2001).**</u>

The performance of the counsel IVY GINBERG, During the defendant direct appeal has prevented raising the real and reasonable facts as the ineffective assistance from counsel Toddy Mallone during the course of this case and the fact that counsel should object the false statement and the other violation in this case, instead to blame only the court of abuse it disc_ retion.

Clearly both attorneys was license attorneys with experience and should communicated with defendant before make

any decision or file any any brief to court. Instead makes ever
ything right and file the appeal without any knowledge of the
defendant that for all time has request to file under §2255
and the prosecutorial misconduct, counsel violated the defendant
rights. It is clear and outrageous the behavior from a counsel
and his ineffective assistance has forever affect the defendant's
substantial rights. **UNITED STATES V. CASTRO DAVIS, 612 f. 3d
53, 69 (1 cir. 2010).**

During the sentence hearing defendant counsel announced
that the sentence should be under the low end of the guidelines
but has not disclosure important matter as the exculpatory evide
nce that was not release from government and that the defense
was threat by prosecution that if any one of the defendant requ
est such evidence, government would take both defendants to
trial.

The court must granted this relief also as the violat
ion here in breach the plea agreement rise the level of
Fundamental defect with inherently results in a complete
miscarriage of justice", or is "inconsistent with the rudimentary
demands of fair procedure". **ROBINSON V. SCHRIRD, 595 f. 3d 1086,
1103-04 (9 cir. 2010).** The government knew that was not 87 card
and could never being 87 card's information  stole by the device
and that the amount taking was less them six (6) [hundred].

The counsel specified that the six (6) level could
not apply since the government has not give one single evidence
or prove the amount loss or even any authenticated record that
could show more than 48 card's information collect by the device
installed by the defendants. And the government has told counsel
that does not have any evidence of the amount of card's that
was inside the device to established any actually evidence that
87 cards information was stolen. No one single evidence or even
witness or the card holder affidavit that could prove loss or
they information stolen. Defendant does not plea or sign the
agreement base on those unreal facts and information.

The determination of whether a party has breach the
agreement is governed by the law of contract. **UNITED STATES
V. DAWSON, 587 f. 416 425 (3 cir. 2007). UNITED STATES V. HARRIS,
473 F. 3D 888, 885-86 (6 cir. 2006),** UNITED STATES V. DIAZ
JIMENEZ, 622 f. 3d 692, 696 (7 cir. 2010).

Government breached plea agreement with the acknowledge of the counsel and he has failed to recommended sentence reduc_ tion since was not one single evidence that show more than six(6) [hundred] was taking from a credit card and no one single evid_ ence that was 87 credit card inside the device installed by the defendants. UNITED STATES V. TRANSFIGURACION, 442 f. 3d 122, 1231 (9 cir. 2006). UNITED STATES V. VARQUEZ, 536 f. 3d 1189, 1197 (10 cir. 2008).

Due process required that agreement be interpreted in keeping with the defendant reasonable understand. A copy in Portugues should be presented to the defendant. UNITED STATES V. PALLADINO, 347 f.3d 29, 34(2 cir. 2003), UNITED STATES V. O'DOHERTY, 643 f. 3d 209, 217-18(7 cir. 2011).

A defendant who allege that counsel and government has breached a plea agreement is entitle to an evidentiary hea_ ring. BLACKDGE V. ALLISON, 431 U.S. 63, 76 80-82 (1977). UNITED STATES V. HERNANDEZ, 34 f. 3d 998, 1000-01 (11 cir. 19994).

The counsel and government doctrine in breached the plea agreement is so "grossly" and "shocking" at to violated the "UNIVERSAL SENSE OF JUSTICE". UNITED STATES V. SMITH, 924 f. 2d 889, 897 (9 cir. 1991).

When is so clear to see that the sentence impose was a violation of the law and unreasonable since the counsel's and government has breached the plea agreement and the serious of ineffective asistance from the counsel's in this single case, they failed to defend and protect the defendants due process rights.. This court must granted a evidentiary hearing or the relief to grant this motion that must be enforce under the same rights that both defendant have as any other citizen. UNITED STATES V. MCGILL, 11 f. 3d 223, 226 (1 cir. 1993).

In the instant case, the allegation proffered by defe_ ndant entitle him to habeas corpus relief and do not give any contradiction to the record nor are they "inherently incredible". Rather, the argument contained is support to his motion identify important issues of fact that were not fully developed at defe_ ndant's sentence hearing. ROSENWALD V. UNITED STATES, 898 f. 2d 585 588 (7 cir. 1990).

Holding a evidentiary hearing should be granted where pivotal issues of fact not fully developed at sentence exist. Prosecution has presented to this court and to the defendant a spread-sheet that clear court would be able to see that has being manipulated and,     was not authenticated as the rule of proceeding required. Clear this show that in the same spread-sheet given by prosecution, was claim couple other credit card number with the date of September 13. 2013. [EXHIBIT 1]. The record show that both defendant's was arrested on September 12, 2013 and the device used to obtain those credit card number was inthe defendant at the time of his arrest. The outrageous and manipulated spread-sheet that was given by government show a day that is after the defendant being arrested and incarcerated. Such spread-sheet here in this case, show a malicious behavior and mistake in the record following by the prosecutorial miscon_ duct that has allowed the court relies in a false Report and impose a sentence in violation of the law.

A evidentiary hearing is necessary to investigates whether a factual basis existed for defendant to received fair judicial process, sentence or relief under 28 U.S.C.§ 2255 as the breached plea agreement and misconduct from both, prosecution and counsel's that has violated the defendant DUE PROCESS. STROUSE V. LEONARDO, 928 f. 2d 548, 554(2 cir. 1991). Prosecution threat the defendant and told the counsel that if he exercise his rights to request for the record of those credit card number from the device installed (which could never have show the amount and more than 48 card's) they would have to face jury trial. This outrageous threat going with the numerous prosecutorial misconduct here and is a inappropriate behavior from prosecution that flat out violated the defendant contitutional rights that this country so promote.

This honorable district court must exercise the power to remedy a constitutional or statutory violation, to protect judicial integrity by ensuring that a conviction rest on approp_ riate consideration validly before jury; or to deter future illegal conduct, UNITED STATES V. BARRERR MORENO, 951 f. 2d 1089, 1091 (9 cir. 1991), also UNITED STATES V. HASTING, 461 U.S. 499, 505 (1983).

Prosecution has present untruth document and other that clear show manipulation [EXHIBIT 1,and 2].

The amount of ineffective assistance of counsel is clear violation of defendant constitutional rights and this case should be dismiss. UNITED STATES V. BRADLEY, 42 Ohio ST. 3d 136 (1989), CET. DENIED, 497 U.S. 1011 (1990).

The defendant fourteenth, fifth and sixth amendment was total violated. Indeed the "collateral order doctrine" crea_ tes jurisdiction to hear this motion for order that:

> (1) conclusively determine the disputed question, (2) resolve an important issue separate from the merits of the action, and (3)(will be effectively unrevie_ wable on any appeal from final judgment! (emphasis in original) CRUZ V. RIDGE, 383 f. 3d 62, (2 cir. 2004)(quoting WHITING V. LACARA, 187 f. 3d 317, 320 (2 cir. 1999)).

The amount of ineffective assistance by attorneys and the prosecutorial misconduct issues whether (a) defendant is entitle to dismiss this case for a prosecutorial misconduct when evidence was forgery, destroy or fabricated, (b) whether defendant is entitle to dismissal on ground similar (but not identical) to those set forth in 18 U.S.C.§3161 arising out of the matter or in which the delay have influenced and prevented defendant from a fair judicial process and, (c) whether the court refusal of the defendant motion with the knowledge that the sentence was imposed by the false information give and post in record. This court must consider a number of factors in evalua_ ting the seriousness of misconduct, including whether the prosec_ ution was deliberate or accidental, the degree to which the prosecutor conduct may have prejudice the defendant the effect of curative instructions to the record, and whether the weight of the evidence mande conviction certain absent the improper conduct.

Moreover, under __BRADY__ and __KYLES__ this sentence hearing should never being allowed to proceeded. Clearly evidence in record has show and prove that this court should granted a relief to defendant because the sentence impose was violation of the law. This prosecution behaviors in manipulated the record and threat the defendant's and destroy exculpatory evidences, is a clear that this case should be dismiss.

Indeed,

> "...the suppresion by the prosecution, forgery and fabrication of evidence, favorable to an accussed upon request, violated due process where the evidence is material either to guilty or to punishment irrespective of the good faith or bad faith of the prosecution".
> __BRADY V. MARLAND, 373 U.S. 83, 87.__

Here in this case the prosecution acted outrageous and in bad faith; But does matter. The suppresion, forgery, threat and destruction of evidences not disputed are act of fraud and bad faith.

Allowing this situation to continue...

> Boils down to a plea to substitute the police for the prosecution, and even the court themselves, as the final aristers of the government obligation to ensure fair judicial process.
> __KELYES V. WHITLEY, 514 U.S. 419, 438 (1995).__

The sixth amendment guarantee a criminal defendant the right to present witness, evidence to establish his defense without fear to retaliation against the witness or the defendant himself by the government and the interference with his defense. __UNITED STATES V. BIEGANOWKI, 313 f. 3d 264, 291 (5 cir. 1987).__ __WASHINGTON V. TEXAS, 388 U.S. 14 19 (1967).__ The prosecution violated the defendant rights when they threat and deprive the

defendant to all the evidence include a exculpatory that could
prove that the number of credit cards and amount loss was not
correct and was outrageous manipulated.  The government interfe_
rence has deprive the defendant of those rights mention above
into present evidence and to a fair judicial process and sentence.
UNITED STATES V. HAMMON, 58 8 f. 2d 1008, 1012 (5 cir. 1979)(ID.
REVERSEING DEFENDANT CONVICTION).

          The government interference has deprive defendant
of his due process rights. UNITED STATES V. MORRISON, 535 f.
2d 223 (3 cir. 1976). This prosecution misconduct is in particularly
inexclusable because he knew that he should not threat the counsel's
and defendants in order to forgery, hide the evidence and real
facts of this case.
          The defendant free and unhaperede choise to presented
evidence and testify has interfere with defendant right to present
defense. UNITED STATES V. MORRISON, 535 f. 2d 344 (6 cir. 1973).
     Given the clear and dramatic evidence of prosecutorial
misconduct in this case, this court should grant a relief because
the defendant due process was violated. The prosecution has
not only improperly threat the defendant counsel's but has threat
and intimidated the defendant himself and violated them to a
fair judicial process.
          When where a sufficient showing of prosecutorial misco_
nduct the court should exercise their discretionary power to
grant a relief in this case where prejudice has been made; UNITED
STATES V. JORDAN, 316 f. 3d 1248 1249(11 cir. 2003); UNITED
STATES V. AECCETTURO,Z 858 f. 2d 679 (11 cir. 1998). This court
should make crystal clear that will not tolerate this type inter_
ference an inappropriate behavior with the integrity of its
judicial process in a criminal case.
          Here was no evidentiary foundation to support the
enhancement and this matter should not even being put in the
record or to the P.S.I when the information given by government
was forgery or false.
          Was clearly established here plain error in the case
because was not one single evidentiary foundation for the
government to claim [87], [50] and, [48] credit card information

taking by the device installed or a loss over [43][thousand]
dollars that the counsel's failed to investigated and negligence
defendant in not object the P.S.I. or allocated this matter
in open court instead to force the defendant's sign the plea
agreement. When counsel's outrageous abdicates its respons_
ibilities, the result is this outrageous miscarriage of justice.
The exhibit 1 has show several credit card that was taking by
the device installed in the ATM on September 13, 2013 as record
show. Defendant was arrested [both] on September 12, 2013. Turn
to exhibit 3 and exhibit 4 clearly court can see that those
transaction in the government Spread-Sheet show the information
from the defendant Gomes own credit card being used for his
personal matter. The correct amount taking by the device installed
by the defendants could not being see here as government destroy
the exculpatory evidence and threat both defendant with a jury
trial if they request to see the truth report of the device.

This case was "a white wash" of its own investigation
since prosecutor has the need to manipulated the evidence and
destroy others with the only intent to increase the punishment.
In this case no one want to see the real records and
facts. Everyone else gets off the hook by blaming all in the
defendant. Such ineffective assistance of counsel's in this
case is clear violation of the rules of procedure and should
reverse this conviction. But the problem here is that court
is under several limitation as to what sanctions can be enforce
against court-appoint -counsel. There can be no equal justice
when the kind of juducial processe a man gets depends on the
amount of money he has.
The constitution promises people like defendant's
competent and vigorous advocates. Instead, the defendant's in
this case was saddled with lawyers who didn't care, who would
work, and whose negligence allowed defendant to be sentence
to [40] months to a federal prison.

Moreover the court failing to comply with requirement
of rule 32, the court failed to afford the defendant sufficient
notice and opportunity to be heard to exercise his rights to
allocates. The sentence was unreasonable if the court relies

on improper factor or reject policies articulated by congress or sentence commission, **UNITED STATES V. WILLIAM, 456 f. 3d 1353, 1361 (11 cir. 2006).**

The federal rule of criminal procedure rule 32 mandates that before imposing sentence, the court must address the defendant to speak or present any information to mitigate the sentence, **UNITED STATES V. TAYLOR, 11 f. 3d 169, (11 cir. 1994). Nevertheless** where a defendant right to allocate has not been honored, the district court found plain error. **UNITED STATES V. PROUNTY, 303 f. 3d 1249(11 cir. 2002).** The fifth amendment guarantee due process, and due process requires the opportunity to be heard at a meaningful and meaningful manner, **FEDERAL DEPOSIT INSURANCE CO. V. MORLEY, 915 f. 2d 1517, 1522(11 cir. 1990). Green V. UNITED STATES, 365 U.S. 301, 304-05(1961). UNITED STATES V. GONZALEZ-MELENDEZ, 529 f. 3d 94,97-98(2 cir. 2008).** In the **UNITED STATES V ADAMS, 252 f. 3d 276, 279(3 cir. 2001)** was held that district court required to re-sentencing when court ask defendant counsel whether his client wished to allocute but failed to address the defendant personally. The defendant never has been give the opportunity to allocute the matter of prosecutor threat, intimidation and manipulation of the evidences that clearly would show the dramatic court error in impose a sentence in violation of the law, **UNITED STATES V. MUHAMMAD, 478 f. 3d 247, 249-50(4 cir. 2007).** The defendant has not being give the opportunity to address court during the sentence and counsel was ineffective because his promises and the reason that he has given intruction to defendant in what to say or present to court and failed to presented the truth facts of the evidence.

The defendant right to allucate was violated. **UNITED STATES V. HAYGOOD, 549 f. 3d 1049, 1054(6 cir. 2008).**
The district court was prematurely adjudged defendant sentence and never has give to the defendant the opportunity to allocute. **UNITE STATES V. LANDEROS LOPEZ, 615 f. 3d 1260, 1268 (10 cir. 2010).**
The due process cause forbids the judge to rely on materially false or unreliable information. **TORRER V. BERBAY,**

340 f. 3d 63, 72(2 cir. 2003). or to vindictively inflict a
harsher punishment on the defendant for exercise his constitutional
rights or privilege. UNITED STATES V. BROORS, 957, f. 2d 1138,
1149-50(4 cir. 1992).


THe negligence of the counsel's here in this case
is so outrageous that during the course of the pretrial counsel
has presented to defendant's a discovery audio from two (2)
person taking about some drug deal. This type outrageous ineffe_
ctive assistance and behavior has allowed this court in impose
a sentence in violation of the law.

During this case, prosecution engage in numerous
of violation and misconduct. In STRICKLER V. GREENE, evidence
favorable to defendant should be disclosure to court [citing
BRADY] and here is clear to see by the prosecution bad faith
and outrageous threat, intimidation if the defendant would ask
for the evidence or exercise his constitutional rights.

The prosecution should release and undisclosure the
evidence that could have enable defendant successfully impeach
the spread-sheet. Cited as A BRADY violation. DOUGLAS V. WORKMAN,
560 f. 3d 1156, 1174-75 (10 cir. 2008).

The court knew that the sentencing tainted by consti_
tutional rights error and violation must be reversed. UNITED
STATES V. DONALDSON, 978 f. 2d 381(7 cir. 1992). Also consider
the facts, no one attorney has work appropriated in this case,
they failed they duties as described by 18 U.S.C.§3006 that
normelly, given right to legal research and brief, investigation
work and interview the witness, protect the defendant to effective
assistance, and other interest that justice require.

According to MARSHALL V. CATHEL, 428 f. 3d 452, 465
71(3 cir. 2005) counsel's failure to prepare for sentence was
ineffective since he has not disclosure and protect defendant
from the prosecution threats or even object the outrageous information
given to the P.S.I.

The sentence impose was illegal, outrageous and a
mistake of the law. Mistake of the law is by definition on an
abuse it discretion. UNITED STATES V. HOOFER, 116 S. CT. 2035,
2047(1996). Here, considering its many significant procedural
error, the district court abuse it discretion. Therefor the

16

sentence was unreasonable and violation of the law. **UNITED STATES V. MARTINEZ, 434 f. 3d 1318, 1322, (11 cir. 2006).**

In the **UNITED STATES V. RONILDO DA ROSA, case No: 13-60148 cr- Scola** was held that was outrageous and not appropriated to impose a sentence to the defendant without the correct facts and correct amound of loss instead what prosecution has say or believe, the evidence need to be presente in order to correct the record on the wall.

This is all part of an ongoing scheme that has nothing to do with justice and everything to do with money and politics. The defendant does not want this court to think that he is not personally affect by what happened in this case. None of us can afford to ignored the principles that the defendant has discueed hereby and during the course of this case. But defendant has the same constitutional rights as anyone else to a decent defense. I don't see any reason to manipulate the evidence just to increase punishment.

The government here violated the established constitutional laws and breach the plea agreement by forgery the spread-sheet and maniputated the others bank records.

Pro se defendant obvious don't have the wealth of knowledge of required, jurisprudence to effectively present defense argument. Nevertheless, counsel has denied a effective assistance to defendant and cause a unjustice sentence impose.

Moreover, essentially defendant maintains that due process clause of the fourteeth amendment to the United States constitution guarantee him effective assistance of counsel during his normal pretrial and appeal as of right. **EVITT V. LUCEY, 569 U.S. 387 396, 105 S. CT. 830, 83, 1. ED. 29 821(1985).**

The defendant has request the counsel to be presented during the P.S.I. interview and instead granted the defendant request was denied. Government has give false information to the probation officer in regarding amount of credit-cards and the lost. **UNITED STATES V. VALENTINE, 21 f. 3d 395, 398(11 cir. 1994).**

Under the rule 32 defendant has the rights to present any miticating information. But the counsel refuse to allowed the defendant and has limited defendant in what to say in court.

**UNITED STATES V. LANDEROS LOPES, 615 f. 3d 1260, 1268(10 cir. 2010).**

The sentence impose was in violation of the law and this §2255 must be granted. **UNITED STATES V. COLSON, 573 f. 3d 915, 916 (9 cir.2009), UNITED STATES V. BABLIN MASA, 643 f. 3d 783, 786-87(10 cir. 2011).** The sentence impose was in violation of the law and this §2255 must be granted as the sentence was a outrageous error and violation of the law that serious affect[] the fairness, integrity of the public and reputation of the judicial proceeding. **UNITED STATES V. MARTINEZ, 434 f. 3d 1318, 1322 (11 cir. 2006).**

The district court relies on false information and has impose a cruel and unsual punishment in violation of the law and the eight amendment that prohibits the infliction of cruel and unusual punishment upon defendant conviction of crime. The Supreme court has held that is unconstitutional the imposit of criminal punishment for "status offense" involving punishment for personal characteristics rather than illegal act.

The defendant is in prison when the current sentence impose is inappropriate and in violation of the law. **WILLIAMS V. EDWARDS, 195 f. 3d 95, 96 (2 cir. 1999).**

The district court must speculate on how should have rule or sentence if it had properly been presented with the issues now at the bar. This court must take a fresh view of the issues, unifluenced by the recomended decision report.

The court should granted this relief due that prosecution suppressed exculpatory evidence. **KYLES V. WHITLEY, 514 U.S. 419, 453(1995).**

This court should not allowed such preposterous behaviour from the prosecution and defendant counsel that could serious prejudice defendant into a outrageous time in prison tha should not be impose under false and not truth information.

The defendant has received ineffective assistance during the case and court could not denied when was granted by the judger order that defendant motion to disqualificated the attorney for ineffective assistance and conflic. [D.E. 67].

THe defendant should not be sentence in the intending when documents was forgery and prosecutor destroy exculpatory evidence. **UNITED STATES V. RONILDO DAROSA, case no: 13-60148**

**SCOLA.** The [50] bank statement found in the apartment was from the defendant Gomes own credit-card that he has used. [exhibit 3]. The amount of the credit-card could not and was not [87] and was clear contradiction from the statement of prosecution that in the first plea agreement has claim [50] and them change agains to [48] credit-card number that was inside the device. The prosecution has clear violated the defendant's due process of the law when the intent of the threat was used to intimidated the defendant to cover up the misconduct. This serious of viola_ tion should reverse the conviction **[brady].** The counsel should disclosure the threats of the prosecution that has prevent the defendant to a fair judicial process. This serious of **[BRADY]** violation must granted this motion since court relies in forgery documents and untruth evidence presented by government.

## CONCLUSION

The defendant constitutional rights to a due process of the law was violated. This court could not blind they eye in such inappropriate behaviors and threats that outrageous prevented the defendant a fair judicial process.

The sentence impose was in violation of the law since defendant has received ineffective of assistance and court relies in false information given by the government.

The defendant must have they constitutional rights enforce in this matter.

Base upon the foregoing, it is respectfully request that this motion be granted, and a effective counsel would be appoint to the defendant in order to receive fair judicial process in the interest of the public and the integrity of this court and justice.

RESPECTFULLY SUBMITTED,

MARCO CORREA

REG NO: 01871-104

D. RAY JAMES C.F.

P.O. BOX 2000

FOLKSTON GA 31537

19

## PROOF OF SERVICE

      I Marco Correa, do certify that this day of December 4, 2014 I have served the attached motion to vacate conviction and sentence that is under defendant constitutional rights on the district court southern of Florida in the above proceeding. I have served the district court via United States Postal Mail Services first class, through D. Ray James C.F. mail service system.


MARCO CORREA
REG NO: 01871-104
D. RAY JAMES
P.O. BOX 2000
FOLKSTON GA 31537

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  13-20725-CR-COHN-SELTZER


UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARCO CORREA,

        Defendant(s).

_____/

## ORDER OF REFERENCE

       Upon consideration, the undersigned United States District Judge hereby refers the Defendant

Motion for Disqualification of Counsel Due to Irreconcilable Conflict [DE 66] to the Honorable

Barry S. Seltzer, United States Magistrate Judge for the Southern District of Florida, for all such

judicial proceedings permissible under the Magistrates' Act and the Rules of Court for the Southern

District of Florida.

       DONE AND ORDERED at Fort Lauderdale, Florida, this 21st day of March 2014.


                          JAMES I. COHN
                          UNITED STATES DISTRICT JUDGE


cc:   Honorable Barry S. Seltzer
       Aileen Cannon, AUSA
       Todd Malone, Esq.
       Marco Correa, Pro Se

marco correa
Reg: 01871-104
D Ray James
D,00,4 2000
FOLKSTON GA 31537

Legal mail

USMS
INSPECTED

To: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK Room 8N09
400 NORTH MIAMI

Legal Mail

ENTERED DEC 10 2014

D. Ray James Prison
Hwy 252 - P.O. Box 2000 - Folkston, GA 31537

"The enclosed letter was processed through special mailing procedure for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility/center has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return enclosure to the above address."

United States District Court
Southern District of Florida

Case Number: **14-CV-24740-Cohn/White**

# SUPPLEMENTAL ATTACHMENT(S)

Please refer to the supplemental paper "court file" in the division where the Judge is chambered. These attachments must <u>not</u> be placed in the "chron file".

☐ **NOT SCANNED**

☐ Due to Poor Quality

☐ Bound Extradition Papers

☐ Photographs

☐ Surety Bond (Original <u>or</u> Letter of Understanding)

☐ CD or DVD (Court Order <u>or</u> Trial Purposes only)

☒ Other: <u>Exhibits 1 - 4 display bank and credit card account numbers</u>.

☐ **SCANNED**

☐ But Poor Quality

☐ Habeas Cases (State Court Record/Transcript)

Date: __December 16, 2014__